IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                          NO.  5:06-CR-50004 and 5:07-CV-05013

MATEO VILLASENOR                                                                        DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned for report and recommendation is the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. Section 2255 (Doc. 35) filed January 17, 2007.  The Government filed its Response (Doc. 37) on February 20, 2007.

### I.  Procedural History

On December 12, 2005, a Complaint was filed alleging that Mateo Villasenor distributed methamphetamine on six occasions. (Doc.1) The Complaint was accompanied with an Affidavit of David C. Jones, a DEA Task Officer. On January 11, 2006, the petitioner, Mateo Villasenor (hereinafter "Villasenor"), was named in a seven-count Indictment filed in the United States District Court for the Western District of Arkansas. Counts One through Six charged Villasenor with distributing methamphetamine on six separate dates between August 10, 2005 and November 30, 2005. Count One charged Villasenor with distributing a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1). Count Two charged Villasenor with distributing more than 5 grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Count Three charged Villasenor with distributing more than 50 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Counts Four, Five, and Six each charged Villasenor

with distributing more than 50 grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). An Indictment was handed down on January 11, 2006 (Doc. 6) and added Count Seven, which charged Villasenor with being an alien unlawfully in the United States who knowingly possessed a firearm which had previously been shipped in interstate commerce in violation of 18 U.S.C. §§ 922(g)(5) and 924. (Pre-Sentence Report, hereinafter "PSR" ¶¶ 1-6)

On April 10, 2006, Villasenor appeared with counsel (Federal Public Defender Jack Schisler) before the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas, for a change of plea hearing. A written plea agreement (Doc. 31) was presented to the court which set forth that Villasenor would agree to plead guilty to Count One in exchange for the government's promises to move to dismiss the remaining counts, to recommend a sentence within the guideline range, and to not object to an acceptance of responsibility reduction. The Plea Agreement included a "Stipulation of Facts in Support of Guilty Plea" concerning the incident charged in Count One which set forth that the amount of methamphetamine involved in the Count One transaction was 6.2 grams, 4.4 grams of which were actual methamphetamine. (Plea Agreement ¶ 2) The Plea Agreement also contained a "Stipulation on Drug Quantity" which set forth that the United States and Villasenor agreed that the most readily provable amount of drugs for which Villasenor could be held accountable is "at least 150 grams but less than 500 grams of actual methamphetamine" (Plea Agreement ¶ 8) The stipulation further set forth that the appropriate base offense level was 34, pursuant to U.S.S.G. § 2D1.1. (Plea Agreement ¶ 8) Villasenor also acknowledged that he faced a maximum term of imprisonment of 20 years and that the district court would be able to consider relevant conduct at

sentencing. (Plea Agreement ¶¶ 9, 13) The district court tentatively approved the Plea Agreement and ordered a pre-sentence report.

On June 22, 2006, the Probation Office issued Villasenor's Pre-Sentence Report. On the basis of the drug quantity stipulation contained in the Plea Agreement, the PSR assessed a base offense level of 34.(PSR ¶ 43) The PSR added a 2-point enhancement because Villasenor possessed a dangerous weapon (including a firearm) during the course of the offense conduct, pursuant to U.S.S.G. § 2D1.1(b)(1)(PSR ¶ 44) The PSR gave Villasenor a 3-point reduction for acceptance of responsibility (PSR ¶¶ 49, 50) resulting in a Total Offense level of 33. (PSR ¶ 51) Villasenor was assessed two points of criminal history, putting him in criminal history category II. (PSR ¶ 57) The resulting advisory guideline range was 151 to 188 months. (PSR ¶ 77) Neither the government nor the defendant had any objections to the PSR. (See PSR addendum dated July 25, 2006)

On August 11, 2006, Villasenor appeared for sentencing. The district court adopted the advisory guideline range as set forth in the PSR and sentenced Villasenor to a bottom-of-the-guideline-range sentence of 151 months imprisonment, five years supervised release, $2500 fine, and $100 special assessment. Villasenor did not appeal his conviction or sentence.

## II.  Discussion:

### Ineffective Assistance of Counsel

The Petitioner has filed this Motion to Vacate Sentence (Doc. 35) pursuant to 28U.S.C.Section 2255 on January 17, 2007 and has alleged two grounds.

The first ground is Ineffective Assistance of Counsel. (Doc. 35, p. 5) He contends his attorney was ineffective for two reasons.  First that counsel failed to present sentencing issues

and second that counsel failed to object to PSR errors. For his second ground Petitioner contends that the sentence he received was in violation of law. (Doc. 35, p.6) He asserts the sentence was not valid because the sentence enhancements were not based on facts admitted, (Doc.35, p. 6) and that the firearm enhancement was unlawful. (Doc. 35, p. 17)

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). To establish a claim of ineffective assistance of counsel, Villasenor must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. *see also, i.e.* United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense) Also, to the extent that Villasenor's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See* Strickland, 466 U.S. at 688; United States v. Prior, 107 F.3d 654, 661 (8th Cir. 1997)

The "deficient performance" prong of the two-part Strickland test requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) (*quoting* Strickland, 466 U.S. at 687) That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." Wiggins v. Smith, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted) There are two substantial impediments to making such a showing, however. First, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Rice, 449 F.3d at 897 (*quoting* Strickland, 466 U.S. at 690, 104 S.Ct. 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (*quoting* Strickland, 466 U.S. at 689, 104 S.Ct. 2052); Davis v. Norris, 423 F.3d 868, 877 (8th Cir. 2005)("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. United States v. Walker, 324 F.3d 1032, 1040 (8th Cir. 2003).

   Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. Ledezma-Rodriguez, 423 F.3d at 836; Davis, 423 F.3d at 877. To satisfy this "prejudice" prong, Villasenor must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different...a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." Rice, 449 F.3d at 897 (internal quotations omitted) Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding

undermines the reliability of the outcome of the proceeding. Morales v. Ault, __ F.3d __ , 2007 WL 397253 (8th Cir. 2007)(*citing* Odem v. Hopkins, 382 F.3d 846, 851 (8th Cir. 2004)) Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice." Boysiewick v. Schriro, 179 *894 F.3d 616, 620 (8th Cir.1999)

      Villasenor specifically contends that his counsel was ineffective for failing to argue sentencing issues. Villasenor claims that the facts of his case support a sentence based on a quantity of 6.2 grams of methamphetamine (4.4 grams of actual methamphetamine) - the quantity set forth in Paragraph 2 of the Plea Agreement as being the specific quantity involved in the sole count of conviction (Count One) He argues that the district court sentencing him on a quantity of at least 150 but less than 500 actual grams of methamphetamine was erroneous and that counsel failure to raise the issue or object to the quantity determination was ineffective assistance of counsel. Villasenor also claims that counsel was ineffective for failing to object to errors in the PSR, including the 2-point firearm enhancement under § 2D1.1(b)(1). Villasenor further claims that he received "bad sentencing advise" (sic) in that counsel promised him he'd receive a lighter sentence by signing the Plea Agreement. (*See* Villasenor's Petition at pp. 18-19)

      Villasenor's allegations are insufficient to satisfy either prong of the Strickland test. With respect to the district court's drug quantity determination, Villasenor stipulated in the Plea Agreement that the most readily provable amount of drugs for which he could be held accountable was "at least 150 grams but less than 500 grams of actual methamphetamine." (Plea Agreement, p. 4) Villasenor stipulated that the appropriate Base Offense Level was 34 and the Plea Agreement specifically set forth that the district court could consider relevant conduct at

sentencing. Because Villasenor stipulated to this drug quantity, defense counsel clearly had no meritorious grounds upon which to raise any objection and counsel is not ineffective for failing to file a motion that would not have succeeded because the petitioner was not actually prejudiced. Harris v. Housewright, 697 F. 2d 202 (8th Cir. 1982). There was a sufficient basis to support such a stipulated quantity. The Affidavit of DEA Task Force Officer David C. Jones detailed sales of methamphetamine which factually supports the quantity as stipulated. (5:06-cr-50004, Docket#1) The Petitioner in this case would seek to enjoy the benefits of a plea bargain that dismissed six counts of the indictment and avoided any of the consequences of the total quantity of drugs involved in the counts that were dismissed.

Moreover, counsel was not ineffective and did not give bad sentencing advice for engineering a Plea Agreement on Villasenor's behalf which contained the stipulation to at least 150 but less than 500 actual grams of methamphetamine for sentencing purposes. A defendant bears the burden of showing that counsel's actions were not sound strategy, United States v. Hill, 864 F.2d 601 (8th Cir. 1988), and Villasenor has not shown and cannot show that counsel's advising him to accept a plea was not sound strategy. Counsel was well aware that judicial fact-finding based upon a preponderance of the evidence standard remains permissible in sentencing even after Booker, provided that the guidelines are applied in an advisory manner. United States v. Wade, 435 F.3d 829, 831 (8th Cir. 2006) (per curiam); *see also* United States v. Pirani, 406 F.3d 543, 551 n. 4 (8th Cir. 2005) (*en banc*)("Nothing in Booker suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt under the advisory Guidelines regime."); United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005) ("In determining the appropriate guidelines sentencing range to be considered as a factor under

[18 U.S.C.] § 3553(a), we see nothing in Booker that would require the court to determine the sentence in any manner other than the way the sentence would have been determined pre-Booker."). By stipulating to the drug quantity and pleading guilty, Villasenor received the benefit of having five counts against him dismissed, received a three point reduction for acceptance of responsibility, and received the prosecutor's recommendation of a sentence within the Guideline range (and, indeed, the court ultimately sentenced him at the bottom of his applicable advisory guideline range).

As noted above, the Affidavit of David C. Jones substantiated the drug quantity. In addition, defense counsel received copies of drug analysis reports. Accordingly, defense counsel's advice and performance did not fall "below an objective standard of reasonableness" and that, consequently, Villasenor cannot establish a valid claim of having received either deficient performance or actual prejudice under Strickland. *See also, i.e.* Williams v. United States, 343 F.3d 927 (8th Cir. 2003) (reasonable strategy to advise defendant to maintain guilty plea because doing so benefitted defendant by limiting his sentencing range); United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999)("the law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences.").

Villasenor also argues that counsel was ineffective for failing to object to "PSR errors", specifically mentioning the two-point firearm enhancement he received pursuant to § 2D1.1(b)(1). The Guidelines provide that the possession of a "dangerous weapon" enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). The Eighth Circuit has held

that "the dangerous weapon enhancement [2D1.1(b)(1)] applies if the firearm is present during relevant conduct, as defined by U.S.S.G. § 1B1.3(a)(2), not merely during the offense of conviction." United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005) Villasenor's PSR sets forth that five firearms were seized from Villasenor's residence, along with drugs and drug paraphernalia (PSR ¶ 28) The PSR further sets forth that the CI had personally seen a pistol in Villasenor's possession during the course of one of the controlled drug purchases and that Villasenor had spoken of owning an SKS rifle.(PSR ¶ 25) Villasenor cites no evidence to contradict the facts detailed in the PSR and he fails to allege any grounds which could have possibly supported a meritorious objection to the enhancement by defense counsel. The United States submits that the facts of the case clearly support the firearm enhancement and that any objection to the enhancement by defense counsel would have been frivolous. Accordingly, Villasenor did not suffer prejudice and counsel was not ineffective for failing to object to the firearm enhancement or to any other portions of the PSR.

## Unlawful Sentence

Villasenor also argues that his sentence was unlawful because he received enhancements for facts which he did not admit. Specifically, he claims that the firearm enhancement was unconstitutional and that the district court should have only sentenced him on the basis of 4.4 actual grams of methamphetamine.

Villasenor's arguments are procedurally barred. The arguments were available to Villasenor at the time of his sentencing but were not raised. The arguments also could have been raised in a direct appeal but Villasenor failed to directly appeal his conviction or sentence.

Because habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which he failed to raise on direct review. United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001)(*citing* Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)) "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." Id.; *see also, i.e.* Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998)(where issue is raised for the first time in a § 2255 motion and petitioner did not raise the issue at trial or on direct appeal, the issue is procedurally defaulted.)

Villasenor has not established cause for the default and actual prejudice. Villasenor fails to offer any explanation for his failure to raise this argument previously and he points to no evidence otherwise which would suffice to establish cause for his failure to raise the issue on direct appeal or at any other time before now. His arguments also clearly fall well short of establishing that he suffered any "actual prejudice.". *See, i.e.* Dalton v. United States, 862 F.2d 1307, 1310 (8th Cir. 1988)(*citing* United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)) (in order to demonstrate the "actual prejudice" required to excuse a procedurally defaulted claim, a post-conviction petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.") Villasenor has not demonstrated that he was actually prejudiced by the district court's application of the firearm enhancement or by its application of a drug quantity of between 150 and 500 actual grams of methamphetamine rather than 4.4 grams of actual

methamphetamine because the enhancements were clearly supported by the uncontested facts of the case (including Villasenor's own stipulation that between 150 and 500 actual grams of methamphetamine was the most readily provable amount he should be held accountable for at sentencing) and because judicial fact-finding based upon a preponderance of the evidence remains permissible in sentencing even after Booker. United States v. Wade, 435 F.3d 829, 831 (8th Cir. 2006) (per curiam); *see also i.e.* United States v. Morell, 429 F.3d 1161, 1163 (8th Cir. 2005)(where the record establishes that the guidelines were applied in an advisory manner, the district court does not err in finding facts that enhance the advisory guidelines sentence.)

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 22nd day of March, 2007

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE